AO106 (Rev. 12/03) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __CALIFORNIA__

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

One (1) Black Motorola Cellular Telephone
Serial Number: 364KFG1QV.1

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

Case Number: '08 MJ 8167

I, __Craig Moore__ being duly sworn depose and say:

I am a(n) __Special Agent with the Bureau of Land Management__ and have reason to believe
Official Title

that ☐ on the person of or ☑ on the property or premises known as (name, description and/or location)

REFER TO ATTACHMENT A

in the __SOUTHERN__ District of __CALIFORNIA__
there is now concealed a certain person or property, namely (describe the person or property to be seized)

REFER TO ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

electronic data that constitutes evidence of a criminal offense, and electronic data which is
and has been used as the means for committing a cirminal offense.

concerning a violation of Title __21__ United States code, Section(s) __841(a)(1), and 846__

The facts to support a finding of probable cause are as follows:

REFER TO ATTACHED AFFIDAVIT OF BLM SPECIAL AGENT CRAIG MOORE

FILED
FEB 26 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Continued on the attached sheet and made a part hereof:    ☑ Yes    ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

__2-25-08 @ 11:56 a.m.__    at    __EL CENTRO__    __CALIFORNIA__
Date                                                      City                         State

Peter C. Lewis                    U.S. Magistrate Judge       _____
Name of Judge                    Title of Judge                    Signature of Judge

## ATTACHMENT A

### DESCRIPTION OF PROPERTY TO BE SEARCHED

One black Motorola cellular phone (Serial Number 364KFG1QV1) without photo capabilities, that was found within the 1993 Chevrolet Bounder Motorhome at the Midway Camp Ground.

The cellular telephone to be searched is currently located at the DEA Imperial County District Office, Imperial, California.

## ATTACHMENT B

## ITEMS TO BE SEIZED

Any and all electronically stored information in said cellular phone, including:

    a.     telephone numbers of incoming/outgoing calls stored in the call registry;

    b.     telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;

    c.     any incoming/outgoing text messages which evidences the relationship between the existence of a conspiracy to import, possess or sell controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963;

    d.     telephone subscriber information; and

    e.     any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular phone including photographs, e-mail, and voicemail which evidences the existence of a conspiracy to import, possess, sell, and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963



# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of ) | Magistrate Case No.: 08mJ8167 |
| ) | |
| One Motorola Cellular Telephone ) | AFFIDAVIT OF BLM SPECIAL AGENT |
| Serial Number: 364KFG1QV1 ) | CRAIG MOORE, IN SUPPORT |
| Black in color, without photo capability ) | OF SEARCH WARRANT APPLICATION |
| ) | |

I, Craig Moore, being first duly sworn, hereby depose and say:

# I

# PURPOSE

1. This affidavit is made in support of an application for search warrants for federal agents to search the following cellular telephone for electronic data that constitutes evidence of the commission of a criminal offense, and electronic data which is and has been used as the means for committing a criminal offense: black in color "Motorola" cell phone, without photo capability. Serial Number: **364KFG1QV1**.

1

## II
## INTRODUCTION

2. I am a Special Agent (SA) with the Bureau of Land Management (BLM), United States Department of the Interior, and have been so employed for approximately five years. I am also currently assigned as a Task Force Officer with the Drug Enforcement Administration (DEA), Imperial County District Office. I have approximately sixteen years experience as a Federal law enforcement officer.

3. I have been working in the law enforcement profession almost exclusively since June 1991 and have approximately two thousand hours of basic and advanced law enforcement training from various state and federal entities. I am a graduate of the United States Army Military Police School, and a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program. As a result of my training and experience as a BLM Special Agent, I am familiar with federal and state criminal laws. I have received training in identifying various controlled substances and the conduct of controlled substances (Title 21) investigations. I have spoken with other agents with extensive experience in controlled substances investigations.

4. As a result of 16 years of law enforcement experience, your affiant has personally arrested or participated in the arrest of over one hundred (100) persons for violations of various federal and state narcotics laws. In each of these cases, your affiant has conducted interviews with the arrested persons and with their associates. Through these interviews, your affiant has gained a working knowledge and insight into the typical working of controlled substance traffickers and smugglers.

Your affiant has also gained extensive information as to the normal operational habits of persons who make their living as controlled substance traffickers.

5. Through the course of your affiant's duties, your affiant has talked with experienced controlled substances investigators about the activities of controlled substances traffickers and your affiant has received on the job training dealing with the activities of controlled substances traffickers practiced locally. Your affiant is aware that it is a common practice for controlled substances traffickers to have, own, or use cellular telephones, computers, pagers and portable radios to maintain communications with co-conspirators to further their criminal activities. Your affiant has made numerous arrests for violations of 21 United States Code, and is familiar with the identification of all types of controlled substances by sight and color.

6. As a BLM Special Agent, your affiant is authorized to investigate violations of laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

7. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of Possession of Marijuana with Intent to Distribute, as defined in Title 21, United States Code, Section 841(a)(1), Aiding and Abetting, as defined in Title 18, United States Code, Section 2, and Conspiracy to Possess Marijuana with Intent to Distribute, as defined in 21 United States Code, Section 846, may be found in the above property, specifically in electronic form.

8. Based upon my training and experience as a special agent, consultations with other special

agents and law enforcement officers experienced in controlled substance trafficking investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

a. Controlled substance traffickers will use cellular phones because they are mobile and they have instant access to phone calls and voice messages;

b. Controlled substances traffickers use cellular phones to communicate with drivers vehicles containing narcotics to monitor the vehicles' progress and provide information and instructions to the drivers, e.g., to tell the drivers where to take the vehicles upon entering the United States;

c. Controlled substance traffickers believe that cellular phones provide greater insulation and protection against court-ordered wiretaps and they believe in the inability of law enforcement personnel to simultaneously track the originating and destination phone numbers of calls placed to and from their cellular phones;

d. BLM agents will deliver the cellular phone to cellular phone forensic examiners at the Drug Enforcement Administration, San Diego Field Division. These examiners may be able to determine the personal identification number, turn on the cellular phone, and retrieve data from the cellular phone. Unlike typical computers, cellular phones do not have hard drives and store information in volatile memory. Current technology does not provide solutions for imaging the data stored in cellular phone memory. Consequently, the phone will have to be powered up and turned on by a forensics examiner. The examination may be delayed due to the lack of the appropriate charging device. The examiner will need to manually examine the cellular phone and its functions and record their findings using digital photography. This process is time and labor intensive and,

4

depending upon the workload of the few certified cellular phone forensic examiners available, may take weeks or longer. Therefore, your affiant is requesting that the time for service be extended to thirty days.

### III

### SUMMARY OF INVESTIGATION / FACTS SUPPORTING PROBABLE CAUSE

9. During the course of my duties, I have learned the following information based upon my personal investigation, discussions with agents and/or by reading other agents' reports. In addition to my own law enforcement training and experience, I have consulted with law enforcement professionals from the United States Department of Justice, Drug Enforcement Administration (DEA), with regard to this investigation. I have personally participated in this investigation and am familiar with the facts and circumstances of this investigation. Information obtained in this affidavit has either been through personal observation or information supplied to me by law enforcement personnel who are directly involved in this investigation.

10. The information set forth below is provided as a broad overview of the investigation conducted to date by the Bureau of Land Management, El Centro office. It does not include a listing of all investigative techniques employed or even the full and complete results of any of the listed investigative efforts.

11. On Saturday, April 14, 2007, U.S. Department of the Interior, Bureau of Land Management (BLM) Law Enforcement Ranger William Finch, a sworn federal law enforcement officer charged with the protection of public lands, was working uniformed law enforcement patrol on public lands

within Imperial County, California.

At approximately 1650 hrs, on Saturday, April 14, 2007, while working on BLM administered lands, Ranger Finch received a report from a concerned citizen, of individuals loading what appeared to be bundles of drugs into a motorhome, at the Midway Campground, within the Imperial Sand Dunes Recreation Area. This area is located within an 118,000 acre parcel of land, owned and maintained by the U.S. Government and managed by the U. S. Department of the Interior, Bureau of Land Management. This area is located in eastern Imperial County, adjacent to the California edge of the United States border with Mexico, along Interstate 8, within the Southern District of California.

At approximately 1745 hrs, BLM Law Enforcement Rangers T. Jones, N. Lafazio, and W. Finch, along with U.S. Border Patrol Canine Officer Simone responded to the Midway Campground to investigate. All BLM Rangers were operating marked law enforcement vehicles and were clothed in law enforcement uniforms with their badge of office prominently displayed.

Upon arriving at the camp, officers saw two motorhomes, one pickup truck, and several off highway vehicles (OHV's). Nicole R. PECH was standing in the doorway of a 1993 Chevrolet Bounder Motorhome (M2), owned by George Eugene CONTRERAS (CA Reg# 5YFM161). PECH observed the marked law enforcement vehicles and quickly turned around, walking back into the interior of M2, and attempted to close the door on officers. PECH was given verbal commands to exit M2 by Rangers Lafazio and Finch. Once PECH exited M2, Javier C. AGUILAR appeared from within a 1984 Chevrolet Southwind Motorhome (M1), which was owned by AGUILAR, (CA Reg# 5YFM353) which was also parked within the camp. Once

AGUILAR exited M1, PECH stated that there was only one additional person in M2. After PECH stated this, Veronica TORRES exited M2, followed by Monique J. MILLS. Ranger Lafazio again asked if there was anyone inside the M2 and PECH stated that there was one additional person using the bathroom. Rangers Finch and Lafazio then gave additional verbal commands and a short time later Michael A. AYALA emerged from within M2.

Rangers Lafazio and Jones then conducted a protective sweep of both motorhomes. When he initially entered M2, Ranger Lafazio noticed the strong smell of laundry detergent emitting from within the interior of the M2. Upon entering M2 further, Ranger Lafazio detected the odor of marijuana and noticed several large plastic and tape wrapped bundles in plain view at the rear of M2. Through Ranger Lafazio's training and experience, combined with the close proximity to the U.S./Mexico border, Ranger Lafazio believed that these bundles contained illegal drugs. U.S. Border Patrol Canine Officer Simone then conducted a canine sniff of both motorhomes, which resulted in a positive canine alert on both vehicles.

Upon conducting a search of M2, from where PECH, TORRES, MILLS and AYALA emerged, it was discovered that it contained 114 bundles of processed marijuana, weighing 734.90 Kilograms (1616.8 lbs) and four methamphetamine smoking pipes.

Upon conducting a search of M1, from where AGUILAR emerged, agents found another 37 bundles of processed marijuana, weighing 92.54 Kilograms (203.6 lbs).

**Prior to departing the scene, I received the following items:**

a. Black in color "Motorola" cell phone, model "i855", with photo capability. Serial Number: **364VHC33D4**. This phone was recovered from the person of Javier AGUILAR on scene by Ranger Jones and transferred to me in an evidence bag by Ranger Jones. The phone is currently being retained as evidence and is secured at the Drug Enforcement Administration, Imperial County District Office.

b. Black in color "Sagem" cell phone, without photo capability. Serial Number: **251712995**. This phone was recovered from the person of Javier AGUILAR on scene by Ranger Jones and transferred to me in an evidence bag by Ranger Jones. The phone is currently being retained as evidence and is secured at the Drug Enforcement Administration, Imperial County District Office.

c. Grey in color "Motorola" cell phone, model i450, without photo capability. Serial Number: **364KGECCTW**. This phone was recovered from the person of Monique MILLS on scene by Ranger Jones and transferred to me in an evidence bag by Ranger Ted Penninger. The phone is currently being retained as evidence and is secured at the Drug Enforcement Administration, Imperial County District Office.

d. Grey in color "Motorola" cell phone, model i730, without photo capability. Serial Number: **364VEC8R2B**. This phone was recovered from the person of Nichole PECH on scene by Ranger Lafazio and transferred to me in an evidence bag by Ranger Nick Lafazio. The phone is currently being retained as evidence and is secured at the Drug Enforcement Administration, Imperial County District Office.

e. Black in color "Motorola" cell phone, model i455, without photo capability. Serial Number: **364KGJ9ZWS**. This phone was recovered from the person of Veronica TORRES on scene by Ranger Jones and transferred to me in an evidence bag by Ranger Jones. The phone is currently being retained as evidence and is secured at the Drug Enforcement Administration, Imperial County District Office.

f. Grey in color "Motorola" cell phone, model i870, with photo capability. Serial Number: **364YFU80D1**. This phone was recovered from within the 1984 Chevrolet Southwind Motorhome (M1), (CA Reg# 5YFM353) by BLM Special Agent Craig Moore. The phone is currently being retained as evidence and is secured at the Drug Enforcement Administration, Imperial County District Office.

g. Black in color "Motorola" cell phone, without photo capability. Serial Number: **364KFG1QV1**. This phone was recovered from within the 1993 Chevrolet Bounder Motorhome (M2), (CA Reg# 5YFM161) by BLM Special Agent Craig Moore. The phone is currently being retained as evidence and is secured at the Drug Enforcement Administration, Imperial County District Office.

h. Silver in color "Cingular LG" cell phone, model C1300i, without photo capability. Serial Number: **507CQRN114902-CGR-P40**. This phone was recovered from within the 1993 Chevrolet Bounder Motorhome (M2), (CA Reg# 5YFM161) by BLM Special Agent Craig Moore. The phone is currently being retained as evidence and is secured at the Drug Enforcement Administration, Imperial County District Office.

12. On April 15, 2007, while at the Law Enforcement Coordination Center, I interviewed Michael AYALA and Veronica TORRES. Upon interviewing AYALA and TORRES they both stated that they were transported on Friday, April 13, 2007, from La Quinta, California by an individual named "Julio" in the Ford F-150 that was parked behind M1. Both AYALA and TORRES stated that upon arrival at the camp, they were met by Javier AGUILAR and an individual named "George". Further investigation identified these two individuals as Julio Cesar ANAYA & George Eugene CONTRERAS.

TORRES stated that "Julio" and PECH had slept at the rear of M2 on Friday night. TORRES told me that she thought something "weird" was happening around M1 & M2 on Saturday because when she went to M1 to retrieve some personal property, AGUILAR was in M1 talking to an unknown individual that was wearing a white mask, which was covering his face. Additionally, TORRES explained that AGUILAR was in charge of M1, while "George" (CONTRERAS) was in charge of M2. AYALA told me that he noticed something suspicious happening because AGUILAR and "George" (CONTRERAS) were being secretive and whispering about something. Both AYALA and TORRES stated that "George" (CONTRERAS) and "Julio" (ANAYA) had departed the camp shortly before the arrival of law enforcement officers.

While processing the scene, I observed a 2001 Ford F150 pickup truck (CA Reg# 7B17965) parked approximately five feet behind M2. I conducted a computer check through the California Law Enforcement Telecommunications System (CLETS) and discovered that the above Ford F150 truck is registered to: Julio Cesar ANAYA, 53 920 Mendoza Ave, La Quinta CA 92253.

I also conducted a computer check through the California Law Enforcement Telecommunications System and discovered that the 1984 Chevrolet Southwind Motorhome (M1), (CA Reg# 5YFM353) is registered to: Javier Contreras AGUILAR, 759 West Olive Avenue, El Centro CA 92243 and the 1993 Chevrolet Bounder Motorhome (M2), (CA Reg# 5YFM161) is registered to: George Eugene Contreras, 53325 Rubio Avenue, La Quinta CA 92253.

13. On April 15, 2007, AGUILAR, PECH, AYALA, MILLS, and TORRES were transported to the Imperial County Jail in El Centro, CA to await their Initial Appearance before U. S. Magistrate Judge Peter Lewis.

14. On April 17, 2007, AGUILAR, PECH, AYALA, MILLS, and TORRES were arraigned before U. S. Magistrate Judge Peter C. Lewis on a complaint for violation of Title 21, United States Codes, 841 (Possession of Marijuana with Intent to Distribute) and Title 18, United States Code 2 (Aiding & Abetting).

15. On April 26, 2007, the criminal case against PECH, AYALA, MILLS, and TORRES was dismissed without prejudice by U.S. Magistrate Judge Peter C. Lewis.

16. On November 28, 2007, Javier AGUILAR was convicted in a jury trial, on one count of 21 U.S.C. 841(a)(1) (Possess marijuana with intent to distribute).

## IV
## DESCRIPTION OF PROPERTY/ITEMS TO BE SEARCHED

17. This affidavit is in support of a search warrant for a cellular telephone, as more fully described in Attachment A, which is attached hereto and incorporated herein by reference. The

11

phone is currently in the possession of the U.S. Department of Justice, Drug Enforcement Administration.

## V
## DESCRIPTION OF PROPERTY/ITEMS TO BE SEIZED

18. Based on my experience and training, consultation with other Special Agents experienced in controlled substance and financial investigations, and all the facts and opinions set forth in this affidavit, I believe that the following items to be seized, as more fully described in Attachment B, which is attached hereto and incorporated herein by reference, will be found on the cell phone to be searched.

19. The items to be seized from the cellular phone are electronic data that constitute evidence of the commission of a criminal offense, and electronic data that is and has been used as the means for committing a criminal offense. The specific criminal offenses involved are violations of Title 21, United States Code, Section 841(a)(1), Possession of a Controlled Substance with Intent to Distribute and Title 18, United States Code 2 (Aiding & Abetting) and Conspiracy to Possess Marijuana with Intent to Distribute, as defined in 21 United States Code, Section 846.

## VI
## CONCLUSION

20. Based on the facts contained in this affidavit and my experience and training, I submit that there is probable cause to believe that one black in color "Motorola" cell phone, without photo capability. Serial Number: **364KFG1QV1** contains evidence of violations of Possession of Marijuana

12

with Intent to Distribute, as defined in Title 21, United States Code, Section 841, Aiding and Abetting, as defined in Title 18, United States Code, Section 2, and Conspiracy to Possess Marijuana with Intent to Distribute, as defined in 21 United States Code, Section 846. Further, I believe that the above-described property/items to be seized will be found when this warrant is served, and, based on the above-listed probable cause, I specifically request authority to seize the items described above and as more fully described in Attachment B, which is attached hereto and incorporated herein by reference.

21. I, or any other duly authorized federal agent, will personally serve the warrants requested above, and will be assisted by other duly authorized federal investigators.

This Affidavit is based on reports, documents, and notes furnished to Bureau of Land Management Special Agent Craig Moore.

CRAIG MOORE
Special Agent
U. S. Department of the Interior
Bureau of Land Management

SUBSCRIBED AND SWORN TO BEFORE THIS 25th DAY OF FEBRUARY 2008.

PETER C. LEWIS
United States Magistrate Judge

13